GARY M. RESTAINO
United States Attorney
District of Arizona
Denise Ann Faulk
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Loren Sheldon,<br><br>        Plaintiff,<br><br>vs.<br><br>Kenneth P. Fletcher, et al.,<br><br>        Defendants. | CV 19-00417-TUC-JCH<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER UNSEALING ORDER DOC. 144** |

Federal Defendants Department of Homeland Security (DHS), Drug Enforcement Administration (DEA) and United States (collectively Federal Defendants), by and through undersigned counsel, hereby respond to Plaintiff's Motion for Order Unsealing Order Doc. 144 (Doc. 146). The Court should deny Plaintiff's motion. This response is supported by the attached memorandum of points and authorities and all matters of record.

**Memorandum of Points and Authorities**

**I.      Background**

In his Third Amended Complaint (Doc. 51), Plaintiff alleged that between 2008 and 2015, federal agents assigned to the Border Alliance Group investigated Plaintiff and his business for drug trafficking. (*Id.* ¶¶ 2, 13, 17-66.) As a result of the investigation, Plaintiff was arrested on or about September 24, 2015, and was charged with 20 counts of drug trafficking. (*Id.* ¶¶ 67, 84, 87.) The charges eventually were dismissed. (*Id.* ¶ 88.)

1    After motion practice, the only remaining claim is a Federal Tort Claims Act
2 (FTCA) claim against the United States, DHS[1] and DEA for malicious prosecution and
3 fabrication of evidence based on the federal agents' alleged conduct.  (*Id.* ¶¶ 104-08.)
4    Plaintiff served discovery requests on DHS and DEA.  (Doc. 121 at 3.)  The Federal
5 Defendants produced over 1000 pages of documents, including their entire investigative
6 files on Plaintiff, redacted to conceal personally identifiable information and confidential
7 informants' identities.  (DEA's Second Amended Response to Plaintiff's Substitute First
8 Requests for Production; DHS's Third Amended Response to Plaintiff's Substitute First
9 Requests for Production.)
10    Plaintiff filed a motion seeking the removal of the redactions of the confidential
11 informants' information from his investigative files and the production of the agencies'
12 complete files on the confidential informants.  (Doc. 121.)  The Federal Defendants
13 responded.  (Doc. 124.)  The Court ordered the Federal Defendants to submit for in camera
14 review unredacted copies of the Grand Jury Transcripts and the report attached as Exhibit B
15 to the motion and a memorandum explaining the redactions.  (Doc. 128.)  The Federal
16 Defendants submitted the unredacted report and memorandum.  The Federal Defendants
17 also submitted the redacted version of one of the Grand Jury Transcripts, which Plaintiff
18 previously had provided to them, as it is the only Grand Jury Transcript they have.
19    Plaintiff filed motions to compel.  (Docs. 121, 127.)  The Federal Defendants
20 responded.  (Docs. 124, 135.)  Plaintiff replied.  (Docs. 126, 140.)  The Federal Defendants
21 filed a supplemental response.  (Doc. 142.)  This Court held a hearing on the motions.  (Doc.
22 143.)  Thereafter, this Court issued its Order granting the motions in part, denying the
23 motions in part and denying Plaintiff's request for attorney fees.  (Doc. 144, SEALED.)
24    Plaintiff then filed the instant motion, requesting this Court to unseal its Order.
25 (Doc. 146.)

---

[1] The United States is the only proper defendant in an FTCA action.  *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

## II.     Discussion

In the Order, this Court discussed the Federal Defendants' *ex parte* submission regarding sensitive coding techniques and procedures for law enforcement investigations. (Doc. 144 at 14.) Additionally, this Court's Order explained:

> Finally, there is a protective order in place and the parties must follow it. *See* Doc. 72. The protective order will apply to any documents or testimony that identifies the [Redacted] or discusses their involvement in this case. This will strike an appropriate balance between allowing Plaintiff to pursue discovery needed to prove his case and minimizing the wider distribution of information related to the [Redacted]'s involvement.

(*Id.*) Publication of the Order would undermine this Court's careful balance by widely distributing the [Redacted]'s involvement in this case.

## III.     Conclusion

For the foregoing reasons, the Federal Defendants respectfully request that this Court deny Plaintiff's motion.

RESPECTFULLY SUBMITTED:  August 21, 2023.

>                                                           GARY M. RESTAINO
>                                                           United States Attorney
>                                                           District of Arizona
>                                                           *s/ Denise Ann Faulk*
>                                                           DENISE ANN FAULK
>                                                           Assistant U.S. Attorney

Copy of the foregoing served *via* CM/ECF on August 21, 2023, on:

Michael Garth Moore
6336 N. Oracle Rd. Ste 326 #119
Tucson, Arizona 85704
*Attorney for Plaintiff*

s/ *M. Parker*
/ Resp to MT Unseal