# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loren Sheldon, | No. CV-19-00417-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Homeland Security, et al., | |
| Defendants. | |

The Parties currently have a Protective Order (Doc. 72) in place to facilitate the release of records subject to the Privacy Act of 1974 and/or containing sensitive law-enforcement information. The Parties filed a Joint Report to the Court (Doc. 159) wherein each Party proposed their own modification to the Protective Order (Docs. 159-1, 159-2, 159-3, 159-4). Parties further discussed reasons for the proposed modifications at the Status Conference held October 2, 2023. Upon consideration and good cause appearing,

**IT IS ORDERED MODIFYING** the Protective Order (Doc. 72). The Parties shall abide by the terms of this Protective Order as follows:

The United States may disclose records subject to the Privacy Act and records that contain sensitive law-enforcement information. The Court, under Fed. R. Civ. P. 26(c)(1)(B) and (G), requires the parties to protect records subject to the Privacy Act or records that contain sensitive law-enforcement information as follows:

1. **Use of Marked Records.** The United States shall mark any government records that identify specific individuals or contain sensitive law-enforcement information as

"PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER." Those marked records may be used only for purposes of litigation in *Sheldon v. Fletcher*, CV-19-417-TUC-JCH.

**2. General Rule—No Disclosure of Marked Records.** The United States will disclose marked records to Plaintiff's attorney of record. Except as provided below, Plaintiff and his attorney shall not publish marked records to the general public in any form, or otherwise disclose, disseminate, or transmit marked records to any person, entity, or organization.

**3. Use of Records by Plaintiff's Attorney of Record.** The Plaintiff's attorney of record may disclose government records marked as subject to this protective order only to the Plaintiff and

   a. a person retained to serve as an expert witness, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case;

   b. authors and recipients of those documents and witnesses during deposition, including to former Assistant Attorney General Joshua Moser and former Assistant Cochise County Attorney Roger Contreras; and

   c. Plaintiff's attorney's associates, secretaries, paralegal assistants, and other employees to the extent reasonably necessary to render professional services in this case.

Before Plaintiff's attorney of record in this case discloses government records marked as subject to this protective order, Plaintiff's attorney shall inform whoever is receiving the marked records of this protective order and obtain their written agreement to comply with it. The written agreement must be in the form of Exhibit 1 to this protective order. This protective order is binding upon any person who receives marked records.

**4. Filing Marked Records Under Seal.** Any party who wishes to file government records that are marked as subject to this protective order shall file those marked records under seal, unless this Court has already ruled that a document is not subject to the Privacy Act or this protective order, or is not otherwise within the scope of this protective order.

Confidential and/or personally identifiable information referred to in pleadings, motions and/or exhibits must be filed under seal.

**5. Use of Marked Records at Depositions.** A party may show copies of marked records at depositions or hearings only to Plaintiff, United States employees, or persons who have received the marked records under Section 3 of this protective order and executed a written agreement to comply with it. A party shall not show copies of marked records at depositions or hearings if any person is present who is not a United States employee or other person bound by this protective order, other than a court reporter in the case of depositions or court personnel in the case of hearings. A party may only file transcripts of the portions of depositions about marked records under seal.

**6. Destruction of Marked Records.** Within 45 days after this case terminates, including any appeals, plaintiff, counsels of record, parties, or other receiving individuals (of protected records) shall destroy any records that are marked as subject to this protective order; provided, however, that no party is required to destroy any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case, or as necessary to be retained as per attorney ethical obligations.

**7. Unmarked Copies of Marked Documents.** If a marked document is (other than the marking) identical to a previously disclosed unmarked document in this litigation, that document (either marked or unmarked) is subject to this protective order.

**8. Modifying this Protective Order.** A party may move to modify the terms of this protective order at any time, and they may oppose any motion to modify filed by another party.

**9. No Liability for Unauthorized Disclosure.** Neither the United States, nor any of its officers, employees, or attorneys, is responsible or liable for any unauthorized disclosure of any documents obtained under this protective order, or of any information contained in the documents.

**10. No Ruling on Discoverability.** This protective order does not constitute any ruling on the question whether any particular document or category of information is properly

discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

**11. No Application to Other Sensitive or Privileged Documents.** The terms and conditions set forth in this protective order do not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion. This protective order is not precedent for adopting any procedure.

Dated this 13th day of October, 2023.

_____
John C. Hinderaker
United States District Judge

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Loren Sheldon,<br><br>　　　　Plaintiff,<br><br>v.<br><br>United States Department of Homeland Security, et al.,<br><br>　　　　Defendants. | No. CV-19-00417-TUC-JCH<br><br>**ORDER** |

## **ACKNOWLEDGEMENT**

I have read and I understand the Protective Order entered by the court in the above-captioned case, and I agree to be bound by its terms.

Date: _____

Name: _____

Signature: _____