Michael Garth Moore (023742)
6336 North Oracle Road Suite 326, No.119
Tucson, Arizona 85704
Telephone: 520-437-9440
Email: mike@mgmoorelaw.com

*Trial Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Loren Sheldon,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Kenneth Fletcher, et al.,<br><br>　　　　Defendants. | Case No. 4:19-cv-00417-TUC-JCH<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL DOC. 233** |

The Motion to Seal[1] is fundamentally flawed and should be summarily denied. To begin: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commnc'ns Inc.,* 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). Following the Supreme Court's lead, the Ninth Circuit has recognized that "We start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are

---

[1] This Memorandum deals with the exhibits proffered for seal, but Plaintiff points out that there is no precedent whatsoever for the sealing of a dispositive motion.

independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo (Amodeo II),* 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court*—D. Nev., 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

The "public event" that gave rise to this case is that agents of the United States fabricated evidence in order to secure an indictment that ultimately resulted in an innocent man's reputation being irreparably damaged and the destruction of his business. It is difficult to imagine a scenario that cries out more for public awareness of allegations and evidence bearing on such a question.

Because of the fundamentally open nature of federal court proceedings, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Group, LLC,* 803 F.3d 1092, 1096 (9th Cir. 2016), quoting *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir 2006).

A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz,* 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). A party's failure to meet the burden of *articulating specific facts* showing a "compelling reason" means that the "default posture of public access prevails." *Kamakana*, 447 F.3d at 1182 (emphasis added). This exposition of controlling Ninth Circuit authority is sufficient to require this Court to

deny the motion outright. Local Rule 5.6(b) was honored in the breach as well. "Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal…" Meeting the strict standard requires the movant to present evidence to demonstrate the articulable facts that support the compelling reason *as to the content of each document.* A blanket assertion of the right to seal is insufficient. *Kamakana,* 447 F.3d at 1185. Indeed, the movant *must* supply this evidence, because this Court, when ordering documents attached to a dispositive pleading be sealed, is *required* to "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002).

      Defendant's citation to this Court's Protective Order, Doc. 164, and to the Order, Doc. 144, is unavailing. The authorities, and the Local Rule, are clear. Indeed, Defendant takes the Order as a blanket mandate to seal *anything* that it deems "confidential." But the parties have litigated this case under the modified Order, Doc. 164, and the original Order, Doc. 72. That Order provides that a party may move to modify the terms of the Order, Doc. 72, ¶8.[2]

      This Court's issuance of Doc. 164 was without the benefit of the briefing on the authorities which govern the sealing of judicial records *on dispositive motions*. Defense

---

[2] In Plaintiff's proposal for the language of the proposed Protective Order, Plaintiff specifically sought the Court's inclusion of the requirement of Local Rule 5.6. Doc. 159. This language was not included in the Court's Order.

counsel is no doubt aware of this body of law but chose to ignore it. Further, the issue before this Court which led to the issuance of the Order Doc. 144 was directed to the Plaintiff's right to have discovery of investigative records which the United States withheld on a wholesale basis. The Court's Order directed the Defendant to disclose those materials. It said nothing about the Defendant's right to seal them for all purposes.

Defendant's Motion is therefore facially invalid, and no effort is made to address any of the eleven (11) Exhibits/Attachments totaling what appears to be more than five hundred [500] pages. Having denied this Court and the undersigned the factual basis why each document – and the entire contents of each document – satisfies the compelling interest test, the Motion must fail.

Even *if* Defendant had produced affidavit evidence to support the contention that the entire body of record *including the Motion for Summary Judgment itself* be sealed, that evidence would fail. It is true that a narrow range of documents is not subject to the right of public access at all because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989) *Kamakana* identified only two categories of documents that fall in this category: grand jury transcripts and warrant materials *in the midst of a pre-indictment investigation*. *Kamakana,* 472 F.3d at 1178 (emphasis added). To be sure, "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes…." *Id.* at 1179. This burden is even higher than that imposed on a party to show good cause why a document should be disclosed only under a protective order. That standard requires "specific demonstrations of

fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm". *Foltz, supra*, 331 F.3d at 1130-31.

It is impossible on this record, for either Plaintiff or the Court, to know the parameters of why Defendant seeks to seal, but it is clear the Defendant seeks to seal records and information that are *actually in the public domain.* Examples of these include the following:

a. Exhibit B – Testimony of Curtis Russel Wilkins, Cochise County Sheriff [hereafter "CCSD"] concerning what he and other deputies did in investigating crimes – none of which resulted in charges against Loren Sheldon; including Exhibits 6,7,8, and 10, all public records previously produced by the CCSO in response to subpoena. This is evidenced by the exhibits themselves;

b. Exhibit C – Declaration of DEA Agent Jodi Napolitano, Attachment 1, Application for Search Warrant, public record produced by Cochise County Attorney's Office [hereafter, "CCAO"] in response to subpoena;

c. Exhibit D – Declaration of ICE Agent Kenneth Fletcher, Attachment 2, same as Exhibit D, Attachment 1;

d. Exhibit G – Public records of the Superior Court of the State of Arizona;

e. Exhibit H – Plaintiff's Responses to Defendant's Discovery Requests;

Further, Exhibit E constitutes, in great part, testimony of Joshua Moser, at the time prosecutor with the Pima County Attorney's Office, regarding the operation of that office, its interactions with the federal authorities, and his communications with Agent Fletcher. Appended to the testimony is Exhibit 14, the vast majority of the internal documents within

the exhibit are either public records or communications between Moser and Fletcher, none of which are protected by privilege. *Doubleday v. Ruh*, 149 F.R.D. 601 (C.D. Cal. 1993); *Caples v. City of Phoenix,* 2017 U.S. Dist. LEXIS 233799 (D. Ariz., September 5, 2017); *Klein v. Jefferson Parish School Bd.*, 2003 WL 1873909, *2-3 (E.D.La. Apr. 10, 2003) (no work-product privilege applied in subsequent civil litigation where plaintiff sought the district attorney's written notes from plaintiff's prior criminal investigation).

The same is true of Exhibit F, testimony of Roger Contreras, prosecuting attorney for CCAO, regarding the processes of prosecution, not disclosing any confidential information of any kind.

As to evidence that Defendant has previously vociferously argued the Plaintiff not even be allowed to see, the majority of this – and very much of the material Defendant seeks to seal – addresses the key players recruited to Fletcher and Napolitano to entice Mr. Sheldon into running drugs, the S brothers. We have asserted in this case that the agents not only swore out evidence that the brothers never actually disclosed, and falsely documented what Loren Sheldon was supposed to have admitted, but also that the brothers were entirely unreliable, and the agents knew it but concealed it to secure the indictment. We, as will be shown in our response to the Motion for Summary Judgment, put into the record the evidence that proves these assertions.

There are two reasons why nothing about the brothers is worthy of concealment from the public record. First is the age of this case. Mr. Sheldon was indicted in 2015 for crimes going back to 2009. He was so indicted on the ground that his alleged crime in September, 2015 – conspiring with the S brothers to run drugs [no drugs were ever run, nor

did the agents ever find any drugs or drug paraphernalia when, over a two day period, on the authority of the search warrant secured by sworn application of Napolitano and Fletcher, a team of law enforcement officers tore Mr. Sheldon's home and business apart] – gave probable cause to charge him for the older crimes. Thus, *at the latest*, the events at issue are *ten (10) years old*. *Kamakana* rejected the argument that evidence of such vintage is justified in being sealed. In that case, the press sought disclosure of sealed testimony and records in the case in which Kamakana, a police officer, asserted that the authorities had retaliated against him for blowing the whistle on police corruption, retaliation that included charging him with crimes. Upon hearing the government's arguments that the records, which included grand jury testimony and records of confidential informants, must be sealed, the Magistrate Judge disagreed, and ordered the documents made public. On appeal, the Ninth Circuit affirmed, stating that

> After this review, the magistrate judge noted that "the testimony and documents attached to the dispositive motions do not contain information that could be used for 'scandalous or libelous' purposes," and that these documents did not contain sensitive personal information. She also determined that deposition testimony on confidential informants and criminal investigations was "years old" and "largely resulted in criminal indictments which were made public over three years ago."

*Kamakana,* 472 F.3d at 1182.

Addressing the evidence put forth by the government in support of their appeal, the Court stated that

> A review of the record points up the inadequacy of the City's declarations, which largely make conclusory statements about the content of the documents--that they are confidential and that, in general, their production would, amongst other things, hinder CIU's future operations with other agencies, endanger informants' lives, and cast HPD officers in a false light. These conclusory offerings do not

7

rise to the level of "compelling reasons" sufficiently specific to bar the public access to the documents.

*Id.,* at 1185.

This Court is respectfully requested to consider the facts in *Morshed v. County of Lake,* which involved similar facts, and in which the Court held that

> [T]he investigations and conduct described in the documents all took place several years ago and do not appear to be the subject of any active civil or criminal proceedings other than these. That these documents might prove embarrassing for either party is simply not a legitimate reason for closing the doors to the courthouse.

2014 U.S. Dist. LEXIS 59486 at *8 (N.D. Cal., April 29, 2014); *see, e.g., Macias v. Cleaver,* 2016 U.S. Dist. LEXIS 85529 **13-14 (E.D. Cal., June 30, 2016) ("Based on the strong presumption of public access to judicial records and the public's strong interest in the conduct of officers, this Court must refuse requests to engage in damage control on behalf of the Defendants.").

The vintage of the criminal proceedings in *Kamakana* and *Morshed* did not approach the more than ten-year age of the actions taken by the federal agents in instant case.

The second reason why nothing about the brothers can be sealed is that the brothers' identities and their actions in trying to entrap Mr. Loren is *already a matter of public record.* Appended hereto as Exhibit A is an example of email traffic between Fletcher and prosecutor Contreras, a document produced by CCAO in response to a subpoena. CCAO also, in response to subpoena, produced transcripts of interviews taken by Joe DiRoberto of Fletcher, Napolitano and one Jack Valenzuela, in which the brothers were named and discussed. None of these were sealed in the criminal case.

One final point. As a result of this Court's Order Doc. 144 compelling the United States to disclose the files on the two informants, we received those files. Those were

identified as Plaintiff's Exhibits 41 and 42 and Fletcher was examined about them at his deposition. That testimony and those records will be made part of the record by Plaintiff in responding to the Motion for Summary Judgment. For purposes of this issue, however, the record discloses that several months after their activities in helping the agents seize and charge Mr. Sheldon, both were "deactivated" as paid informants because one of the brothers was going around apparently bragging that they *were* informants.

The evidence uncovered reveals that the S brothers have not been employed as informants since March 2016. Further, both Napolitano and Fletcher have long since left the employment of the DEA and ICE.

Other evidence uncovered in discovery in this case, in addition to this, will reveal more embarrassment for the United States and the Departments involved. Evidence of falsification and corruption by government agents is always embarrassing. But as the courts in *Kamakana* and *Morshed* made clear, the government lacks compelling evidence to conceal events already years old even if, when the events were fresh, there might have been some justification.

**CONCLUSION**

This Court should deny the Motion to Seal. Plaintiff submits that if this Court orders Defendant to produce the evidence that it claims justifies sealing the materials, despite the authorities' teachings, the Court *must* order the Defendants to justify the sealing of *specific content* of each document – not merely to claim that the entirety of the document is subject to being sealed.

Respectfully submitted,

<u>/s/ Michael Garth Moore</u>
Michael Garth Moore (023742)
6336 North Oracle Road Suite. 326, No. 119
Tucson, Arizona 85704
Telephone: 520-318-0075
Email: mike@mgmoorelaw.com

*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed through the Court's electronic filing system on March 14, 2025. Notice of this filing will be sent to all parties and counsel through the Court's filing system. Parties and counsel may access the filing through the Court's system.

Respectfully submitted,
*/s/ Michael Garth Moore*