TIMOTHY COURCHAINE
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Fax: (520) 620-7149
Email: denise.faulk@usdoj.gov
*Attorneys for United States*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Loren Sheldon, | **CV 19-00417-TUC-JCH** |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO SEAL MOTION FOR SUMMARY JUDGMENT, STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND EXHIBITS THERETO** |
| v. | |
| Kenneth P. Fletcher, et al., | |
| Defendants. | |

Defendant United States of America hereby replies in support of its motion for leave to file under seal its Motion for Summary, Statement of Facts in support of its Motion for Summary Judgment and all exhibits thereto.

The Motion was based on the Protective Order (Doc. 164) and due to information previously discussed in this Court's sealed Order (Doc. 144).[1] To the extent that it was unclear in the Motion, the United States intended to incorporate the terms and reasoning of those documents. Notably, Plaintiff previously requested this Court to unseal the sealed Order. (Doc. 146.) This Court declined, noting that "the Court filed under seal for several reasons. Keeping the Court's Order sealed is the simplest way to preserve those reasons." (Doc. 155 at 2.) In the sealed Order, the Court recognized

Finally, there is a protective order in place and the parties must follow it. *See*

---

[1] The United States modeled the Motion after Plaintiff's Motions to Seal the Joint Reports of the Parties, which also were based on the Protective Order and this Court's sealed Order. (Docs. 160, 183.)

> Doc. 72 [now164]. The protective order will apply to any documents or testimony that identifies the [ ] or discusses their involvement in this case. This will strike an appropriate balance between allowing Plaintiff to pursue discovery needed to prove his case and minimizing the wider distribution of information related to the [ ]' involvement.

(Doc. 144 at 16.) The Protective Order provides:

> Any party who wishes to file government records that are marked as subject to this protective order shall file those marked records under seal,[2] unless this Court has already ruled that a document is not subject to the Privacy Act or this protective order, or is not otherwise within the scope of this protective order. Confidential and/or personally identifiable information referred to in pleadings, motions and/or exhibits must be filed under seal.

(Doc. 164 at 2-3.) Plaintiff specifically attempted to have the Court remove that language from the parties' agreed Protective Order (Doc. 159, Ex. A), and the Court included it in its revised Protective Order (Doc. 164 at 2-3).[3]

Plaintiff objects to the Motion for Summary Judgment being filed under seal. (Doc. 236 at 1.) LRCiv 5.6(a), which requires a Court order for any document to be filed under seal, defines "document" as "any exhibit, record, *filing or other item* to be filed under seal with the Court." (Emphasis added.) It does not exclude motions. If the court is inclined, the United States will submit a redacted copy of the motion for summary judgment and statement of facts which redact those portions which reference information covered by the Protective Order or discussed in the Court's sealed Order.

The United States agrees that certain of the exhibits and attachments can be filed without seal:

> Exhibit A, Sheldon's deposition, can be filed without seal, except page 70, which would need to be redacted or sealed, as shown in the Court's sealed Order.
>
> Exhibit B, Lt. Wilkins' deposition, can be filed without seal, except page

---

[2] Despite the Court's clear direction in its sealed Order that the documents produced would be subject to the Protective Order and the clear language in the Protective Order that the documents produced were to be filed under seal, Plaintiff asserts that the sealed Order "said nothing about the Defendant's right to seal them for all purposes." (Doc. 236 at 4.)

[3] As Plaintiff noted in his Response, he also previously requested the Court to include the LRCiv 5.6 requirements in the modified Protective Order. (Doc. at 3.) Again, the Court rejected Plaintiff's attempt to substantively change the Protective Order to which he previously agreed and which formed the basis for disclosure of the documents.

58, which would need to be redacted or sealed, as shown in the Court's sealed Order. Exhibits 6, Search Warrant, and 7, Search Warrant Application, can be filed without seal, as they are in the public record. Exhibits 8 and 10 are Cochise County records, which are not subject to the Protective Order and can be filed without seal.

Exhibit C, SA Napolitano's declaration, should be filed under seal, along with Attachment Two, her investigative reports, which were produced subject to the Protective Order. Attachment 1 can be filed without seal, as it is in the public record.

Exhibit D, SA Fletcher's declaration, should be filed under seal, along with Attachment 1, his investigative reports, which were produced subject to the Protective Order. Attachment 2 can be filed without seal, as it is in the public record.

Exhibit E, Moser's Confidential deposition transcript, should be filed under seal, as shown in the Court's sealed Order. Additionally, Plaintiff did not oppose marking the transcript confidential during the deposition. (*See* Ex. E, p. 62.) Certain pages in Exhibit 14, attached thereto, should be filed under seal as they were produced subject to the Protective Order and include investigative reports. They include pages 1, 6-17, 19-20, 33, 40, 43.

Exhibit F, Contreras' deposition transcript, should be filed under seal, as shown in the Court's sealed Order.

Exhibit G, Cochise Superior Court records, can be filed without seal.

Exhibit H, Plaintiff's Interrogatory Responses, can be filed without seal if the informants' names are redacted, as shown in the Court's sealed Order.

Plaintiff is again attempting to litigate the Protective Order, to which it agreed and under which the United States produced law enforcement sensitive materials. The Ninth Circuit noted that

The central concern in determining whether access should be granted to

documents sealed under a protective order is whether that order was relied upon in the decision to produce documents. It is axiomatic that:

> Among the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery. Where that has happened, changing the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery.

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (2003), quoting *Wright, Miller & Marcus* § 2044.1. The United States produced law enforcement sensitive documents pursuant to the Protective Order.[4] The record is this case is replete with the reasons why that information cannot be disclosed, including in the Special Agent in Charge Declaration. The sealed Order evidences this Court's reasoned examination of the issues.

Plaintiff's assertion that the documents produced subject to the Protective Order should be unsealed on the record because they are in the public domain is unavailing. First, Plaintiff asserts without evidence that the "public event" giving rise to the case was United States' agents' fabrication of evidence. (Doc. 236 at 2.) Yet, that is merely an allegation. There has been no evidence produced to date that the agents fabricated evidence. The evidence produced to date shows that the agents engaged in a robust investigation and found evidence which attorneys, a judge and two grand juries determined established probable cause for prosecuting Plaintiff.

Plaintiff asserts, "We, as will be shown in our response to the Motion for Summary Judgment, put into the record the evidence that proves these assertions." (*Id.* at 6.) To date, Plaintiff has not put any evidence into the record to prove those assertions.

Plaintiff also asserts that the Cochise County Attorney's Office produced, in response to a subpoena, transcripts of interviews and "[n]one of these were sealed in the

---

[4] Plaintiff cites extensively to *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), which involved a stipulated Protective Order. In this case, after agreeing to the original Protective Order, Plaintiff has engaged in substantial litigation attempting to eviscerate it, so the Court has had substantially more involvement in the Protective Order than the *Kamakana* court.

1 | criminal case." (*Id.* at 8.) None were filed in the criminal case.

2 |     Finally, Plaintiff asserts that it has evidence that will "reveal more embarrassment for the United States and the Departments involved. Evidence of falsification and corruption by government agents is always embarrassing." (*Id.* at 9.) To date, no embarrassing information has been produced. No evidence of falsification or corruption has been produced. The United States is seeking to seal documents that contain law enforcement sensitive information and information relating to confidential informants that this Court already has determined should be sealed.

    Based on the foregoing, the United States respectfully requests that this Court grant its motion to seal, as modified herein.

RESPECTFULLY SUBMITTED: March 21, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney
*Attorneys for United States*